## STATE v. BALL.

[75 South. 373, Division A.]

FALSE PRETENSES. *Valuable thing. Statutes. Construction.*

    Under Code 1906, section 1166, providing that every person who with intent to cheat or defraud another, shall designedly, by color of any false token or writing or by any other false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property or valuable thing, shall be guilty of a felony, the medical services of a physician is a "valuable thing" and where a defendant in order to obtain the professional services of a physician represented to him that he owned a cow which he would turn over to him for his services, when in fact he did not own a cow, and by this false pretense obtained such service, he was guilty of a violation of this act.

APPEAL from the circuit court of Jefferson DAVIS county.

HON. A. E. WEATHERSBY, Judge.

B. B. Ball demurred to the affidavit charging him with obtaining property under false pretense and the demurrer being sustained, the state appeals.

The facts are fully stated in the opinion of the court.

*Frank Roberson*, Assistant Attorney-General, for appellant.

I presume that the second ground of the demurrer was the one upon which the court acted in sustaining the demurrer. The proposition in this case amounts to this: Is labor, or a professional service, property or a valuable thing within the meaning of the above statute? The crime of obtaining money by false pretenses was not punishable by the common law however fraudulent the intent might have been. *People* v. *Stetson* (N. Y.), 4 Barb. 151. A calling, business or profession chosen and followed is property. *State* v. *Chapman*, 69 N. J. 464, 55 Atl. 94; 6 Words & Phrases, 5700.

The courts have held that labor is property and that the laborer has the right to sell his labor. 6 Words & Phrases, 5715.

"The property of the capitalist is his gold and silver, his bonds, credit, etc., for in these he deals and makes his living. For the same reason, the property of the merchant is his goods. Every man's trade or profession is his property because it is his means of livelihood; because through its agency, he maintains himself and family and is enabled to add his share towards the expenses of maintaining the Government." *Jones* v. *Leslie*, 61 Wash. 107, 112 Pac. 81; Ann Cases 1912, B. 1158.

I have been unable to find any authority in any state involving the precise question in this case. It is my opinion that the purpose of this statute was to punish the obtaining by false pretense the property of another. It cannot be successfully argued that the property must be something tangible. The services of a lawyer, or of a doctor, are just as much property as a stock of goods or any other kind of property that might be mentioned. Thousands of contracts have been drawn and considered valid and binding wherein the professional services of a lawyer, or the labor of another, was the thing of

exchangeable value for which the consideration was given. By what course of reasoning should it follow that the appellee has not violated the law in obtaining the labor or professional service of the doctor, while if he had obtained the doctor's horse or automobile by these same representations, he would, of course, come within the statute. I am unable to distinguish any principle between the two illustrations.

I think the test applicable to section 1166 is, whether the property obtained by reason of the false pretenses has an exchangeable value and not whether it is a tangible piece of property. If I am correct in this conclusion, it must follow that the lower court erred in sustaining the demurrer and that the case should be reversed and remanded.

The words, "or valuable thing" are words of enlargement and not of restriction. They are not explanatory of the preceding classes of property, but enlarge the classes of property coming within the statute. *State* v. *Gillespie*, 80 N. C. 396.

All the courts hold that the right to labor is property and is protected by the organic law, and it seems to me that it must logically follow that the reciprocal right to compensation for personal services must also be regarded as property in order to give full meaning and effect to the property rights of labor; otherwise the constitutional guaranty would be nullified. I submit that the lower court erred in sustaining the demurrer, and that the case should be reversed and remanded.

*C. E. Thompson,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by the state from a judgment of the circuit court of Jefferson Davis county sustaining a demurrer to an affidavit charging the appellee, B. B. Ball, with obtaining property or valuable thing by false

pretenses. Ball was convicted on the affidavit in the justice's court, and he appealed to the circuit court, where the demurrer to the affidavit was sustained; hence this appeal here.

The affidavit reads in part as follows:

" . . . Then and there knowingly, wilfully, and unlawfully, and with the unlawful intent and purpose to cheat and defraud one J. B. Magee, a medical doctor, represent, pretend and claim to the said Magee that he, the said Ball, was the owner of a certain red cow about two years old, and that for medical attention rendered or to be rendered the said cow should become the property of the said Magee, unless the said Ball should pay said Magee the sum of fifteen dollars for said services prior to the 15th day of September, A. D. 1915, when in truth and in fact the said Ball at said time did not and knew that he did not own the said animal or any other animal of like description. And by reason of the said false representation, claim, and contention of the said Ball he did then and thereby procure and obtain from the said Dr. Magee services and medical attention to the value of fifteen dollars, which he other-' wise would not have received, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Mississippi."

The demurrer sets up, in substance, that the affidavit charges no crime, because it undertakes to charge defendant with having obtained professional services of a physician under false pretense, and that professional services of a physician is not "a valuable thing," or subject to be obtained under false pretenses, under section 1166, Code of 1906, which reads as follows:

"Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, upon conviction thereof," etc.

The exact question raised in this case is whether or not the professional services of a medical doctor is "personal property, or valuable thing," or, to present the point more sharply, are the services of a physician a "valuable thing?"

After an exhaustive search of the books and authorities bearing upon the proposition in the United States, we have been unable to find any decision that can be said to be in point. Therefore, having no precedent to guide us, we shall have to look to the language and purpose of the statute and endeavor to obtain the intent of the lawmakers. We think the object of the statute is primarily to reach the mischief of fraud or deceit practiced by one person upon another in obtaining something of value by such deceit or false pretense. The services of a competent physician is undoubtedly a be either money, personal property, or valuable thing. In the case before us the thing obtained by the false pretense and deceit was the services of a physician of the value or worth of fifteen dollars. The term "valuable thing" is very broad and comprehensive, and the legislature, no doubt, intended it as an enlargement, and not a restriction, to tangible personal property. The services of a competent physician is undoubtedly a valuable thing within the meaning of the statute. The services of the wage hand in the field or the employee in the factory or the professional services of the lawyer or doctor are valuable. The amount or value is either fixed or easily ascertainable. Therefore the services of the physician in this case is a "valuable thing," and when obtained by false pretenses and deceit the statute has been violated, and the guilty person is liable to prosecution thereunder. As the goods, wares, and merchandise of the storekeeper are his stock in trade, so are the services of the doctor, lawyer, or mechanic their stock in trade, and the one should not be deprived of his property by fales pretenses any more than the other, as the mischief intended to be cured is the ob-

taining of the "valuable thing" by one person from another by means of deceit and false representation.

This case is unusual in its facts, and is rather of minor importance so far as this particular case is concerned, and we hope that the old red cow will show up before another trial is had in the lower court, but we feel certain that the conclusion we have reached as to the principle of law involved is correct and sound.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*