## ANDERSON v. AMERICAN & CUBAN S. S. CO.

### No. 4213.

District Court, D. Maryland.
June 12, 1930.

George Forbes, Sol C. Berenholtz, and Henry L. Wortche, all of Baltimore, Md., for plaintiff.

Janney, Ober, Slingluff & Williams, of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

The plaintiff brought suit against the defendant in the superior court of Baltimore city, claiming damages for personal injuries alleged to have been due to the negligence of the defendant while he was employed by the defendant as a seaman on one of its vessels. Relying upon the removal statute (28 USCA § 72), defendant removed the suit to this court, and plaintiff has moved that it be remanded to the state court, claiming that since it was brought under the provisions of section 33 of the Merchant Marine Act of 1920 (46 USCA § 688), which by reference incorporates the Federal Employers' Liability Act (45 USCA § 51 et seq.), removal is prohibited. This motion presents the sole question now at issue.

Section 33 of the Merchant Marine Act (46 USCA § 688) provides as follows: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, *and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply;* and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, *and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable.* Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." (Italics inserted.)

The only part of the Federal Employers' Liability Act with which we are here concerned is the following portion of section 6 of that act (45 USCA § 56): "The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, *and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.*" (Italics inserted.) See, also, 28 USCA § 71.

The Supreme Court has decided that state courts have jurisdiction concurrently with the federal courts in an action of this kind, and that reference to jurisdiction in the section of the Merchant Marine Act above quoted regulates venue and does not deal with jurisdiction as between state and federal courts. Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813; Panama Railroad v. Vasquez, 271 U. S. 557, 46 S. Ct. 596, 70 L. Ed. 1085. In the first of these cases the precise question decided was that the provision of the Employers' Liability Act (which also forms part of section 6), to the effect that no action could be maintained under it unless commenced within two years from the day the cause of action accrued, was incorporated by adoption in the Merchant Marine Act, and therefore controls in any action brought under the latter act in a state court, regardless of state statutes of limitations. In the course of that opinion, the court said, pages 37–39 of 271 U. S., 46 S. Ct. 410, 412:

"And the jurisdiction of the State courts to enforce the new common law right made a part of the maritime law, is necessarily affirmed by the provision contained in section 6 of the Employers' Liability Act [45 USCA § 56]—*plainly, we think, incorporated in the Merchant Marine Act by the generic reference—that jurisdiction of the Federal courts under the Act shall be concurrent with that of the courts of the several States, and no case arising thereunder when brought in any State court of competent jurisdiction shall be removed to any Federal court.* * * *

"The adoption of an earlier statute by reference makes it as much a part of the later act as though it had been incorporated at full length. Kendall v. United States, 12 Pet. 524, 625, 9 L. Ed. 1181; In re Heath, 144 U. S. 92, 94, 12 S. Ct. 615, 36 L. Ed. 358; Interstate Railway v. Massachusetts, 207 U. S. 79, 85, 28 S. Ct. 26, 52 L. Ed. 111, 12 Ann. Cas. 555. It brings into the later act 'all that is fairly covered by the reference,' Panama

Railroad Case, 264 U. S. 392, 44 S. Ct. 391, 68 L. Ed. 748; that is to say, all the provisions of the former act which, from the nature of the subject-matter, are applicable to the later act. It is clear that the provision of the Employers' Liability Act as to the time within which a suit may be instituted, is directly applicable to the subject-matter of the Merchant Marine Act and covered by the reference. * * * The period of time within which an action may be commenced is a material element in such uniformity of operation. And, plainly, Congress in incorporating the provisions of the Employers' Liability Act into the Merchant Marine Act did not intend to exclude a provision so material, and to permit the uniform operation of the Merchant Marine Act to be destroyed by the varying provisions of the State statutes of limitation.

"We conclude that the provision of section 6 of the Employers' Liability Act relating to the time of commencing the action, is a material provision of the statutes 'modifying or extending the common law right or remedy in cases of personal injuries to railway employees' which was adopted by and incorporated in the Merchant Marine Act." (Italics inserted).

While the precise question here involved, namely, the right of removal, was not at issue in the Engel Case, nor does it appear that it has been directly presented to the Supreme Court in any other case, the above-quoted parts of the court's opinion leave no doubt, we think, that the nonremoval provision of section 6 of the Employers' Liability Act (45 USCA § 56) must be treated as incorporated by reference in section 33 of the Merchant Marine Act (46 USCA § 688), first, because the Supreme Court has in fact so said in the statement above quoted and italicized; and, second, even if its expression had not been so explicit in the Engel Case, it is impossible to say that "from the nature of the subject-matter" the nonremoval provision is not "a material provision of the statutes 'modifying or extending the common law right or remedy in cases of personal injuries to railway employees.'" We are not concerned with degrees of materiality. What the Supreme Court has said with respect to the incorporation by reference of the limitations provision must, by any reasonable interpretation, apply equally to the provision with which we are immediately concerned. See, also, Northern Coal & Dock Co. v. Strand, 278 U. S. 142, 147, 49 S. Ct. 88, 73 L. Ed. 232.

The necessary conclusion, therefore, is that plaintiff's motion must be granted. We rest our conclusion upon what the Supreme Court has said. It therefore becomes unnecessary to discuss the conflicting decisions on this question rendered by several of the District Courts, all of which appear to antedate the decision in the Engel Case, supra, and most of which are referred to in Petterson v. Standard Oil Co., 41 F.(2d) 219, 1924 A. M. C. 1457, a case in which the conclusion was the same as that here reached.