This is an appeal from a judgment maintaining an exception of no cause or right of action. The suit was brought by the widow and administratrix of Albert Ducombs, Sr., for damages in the sum of $25,000, under Section 33 of the Merchant Marine Act of 1920, known as the Jones Act, 46 U.S.C.A. § 688. In her petition plaintiff alleged that her husband, after having undergone a physical examination *Page 115 
by the defendant's doctor, entered its employ as a messboy on August 11th, 1938; that on August 25th, 1938, while the Steamship "Nashaba", to which Ducombs had been assigned, was in the harbor of Galveston, Texas, he was stricken with a "heat stroke" and transferred to the United States Marine Hospital at Galveston, Texas, where he died on August 28th, 1938. It is also alleged that at the time Ducombs was employed by the defendant he was, without his knowledge, suffering from coronary sclerosis and cardiac hypertrophy; that his condition was revealed to defendant's physician by the physical examination, a fact which was either communicated to the defendant by its physician, or one which it must be presumed to have had constructive knowledge of, and that to employ Ducombs as a messboy under the circumstances was gross negligence. There is also an allegation in the petition to the effect that the Steamship "Nashaba" was unseaworthy because of the intensive heat conditions to which Ducombs was subjected in the discharge of his duties.
The Jones Act, 46 U.S.C.A. § 688, declares that:
"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."
The statute refers to the Federal Employers' Liability Act, § 1, 45 U.S.C.A. § 51.
In Panama Railway Company v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 395, 68 L.Ed. 748, the Supreme Court of the United States in upholding the constitutionality of the Jones Act, said:
"Criticism is made of the statute because it does not set forth the new rules but merely adopts them by a generic reference. But the criticism is without merit. The reference, as is readily understood, is to the Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, and its amendments (Comp.St. §§ 8657-8665 [45 U.S.C.A. § 51 et seq.]). This is a recognized mode of incorporating one statute or system of statutes into another, and serves to bring into the latter all that is fairly covered by the reference. Kendall v. United States, 12 Pet. 524, 625, 9 L.Ed. 1181; In re Heath, 144 U.S. 92, 12 S.Ct. 615, 36 L.Ed. 358; Corry v. Baltimore, 196 U.S. 466, 477, 25 S.Ct. 297, 49 L.Ed. 556; Interstate Ry. Co. v. Massachusetts, 207 U.S. 79, 84, 28 S.Ct. 26, 52 L.Ed. 111, 12 Ann.Cas. 555."
The appropriate provision of the (Railway) Employers' Liability Act of April 22d 1908, c. 149, 35 Stat. at L. 65, 45 U.S.C.A. § 51, as it stood on June 5th, 1920, the date of the passage of the Jones Act, reads in part as follows:
"Every common carrier by railroad * * * shall be liable in damages to any person * * * or in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; * * * for such injury or death resulting in whole or part from the negligence * * * of such carrier * * *".
In volume 1 of the Law of American Admiralty by Benedict, Sixth Edition by Knauth, at page 50, we find the following:
"The gravamen of a Jones Act suit is negligence; the defense of common employment (the fellow servant rule) is abolished, and the doctrine of assumption of risk is profoundly modified. If a statute relating to safety devices is not complied with the seaman assumes no risk whatsoever. Contributory negligence is not necessarily a complete defense; the damages may merely be reduced proportionately."
The allegation of unseaworthiness is based upon the novel contention that the galley in which Ducombs, as a messboy was obliged to work, was too hot, but since the vessel was not at sea but at anchor when Ducombs was stricken, it is difficult to see what the seaworthiness, *Page 116 
vel non, of the vessel had to do with his illness and death.
The charge that the defendant employed an unfit person, with actual or constructive knowledge of his physical infirmities, is, in the first place, most remarkable since no reason is suggested, and, we know of none, which would have influenced such conduct. The mere fact that the defendant went to the trouble of engaging a physician to examine its employees would suggest that its purpose was to insure physical fitness for the work which they were to be called upon to do. Be that as it may, there was no obligation upon defendant to subject its employees to a physical examination and if none had been required it could not have been charged with negligence on that account. Moreover, even though the defendant did have actual knowledge of the physical disabilities of its messboy, we do not believe it can be said to have been negligent in employing him. To hold otherwise, would be to place upon the employer the responsibility of physical fitness of its employees for the work which they were engaged to perform. This responsibility seems to us more appropriately to rest upon the employee who essays to do the work. Our conception of the purpose of the Jones Act is that it will not bear such interpretation.
In our opinion the judgment maintaining the exception of no cause of action is correct, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.