### RODICH v. AMERICAN BARGE LINES, Inc.

No. 5336.

District Court, E. D. Missouri, E. D.

May 14, 1947.

Reardon & Lyng, Dan P. Reardon and Leo Lyng, all of St. Louis, Mo., for plaintiff.

Edward B. Hayes, of Chicago, Ill., for defendant.

HULEN, District Judge.

Plaintiff commenced an action in the state court for damages for the death of Samuel Beljanski, alleged to have resulted from negligence of the defendant while the deceased was employed as a deck-hand on the tug George T. Price. The petition alleges death resulted from negligence in failing to furnish a safe place to work, reasonably safe tools, etc.

Defendant petitioned for removal to this court on the ground of diversity of citizenship and plaintiff has timely moved to remand on the ground that this court is without jurisdiction. The case is brought under the Jones Act, 46 U.S.C.A. § 688. We conclude that the ruling of the Supreme Court in Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 412, 70 L.Ed. 813, requires this case be remanded. Remand was not the exact question before the Court in the Engel case but nonetheless the Court spoke in positive terms: "And the jurisdiction of the State courts to enforce the new common law right made a part of the maritime law, is necessarily affirmed by the provision contained in section 6 of the Employers' Liability Act [45 U.S.C.A. § 56]—plainly, we think, incorporated in the Merchant Marine Act by the generic reference—that jurisdiction of the Federal courts under the Act shall be concurrent with that of the courts of the several States, *and no case arising thereunder when brought in any State court of competent jurisdiction shall be removed to any Federal court.* Nor is the jurisdiction in suits under section 33 of the Merchant Marine Act [Jones Act] [46 U.S.C.A. § 688] limited to the federal courts—as has been sometimes held in the District Courts

—by its provision that jurisdiction 'shall be under the court of the district' in which the employer resides or his principal office is located." (Emphasis added.)

In support of its opposition to the remand defendant cites: Petterson v. Hobbs, Wall & Co., D.C., N.D.Cal., 1923, 300 F. 811; Malia v. Southern Pacific Co., D.C.E.D. N.Y., 1923, 293 F. 902; Wenzler v. Robin Line S. S. Co., D.C.W.D.Wash., 1921, 277 F. 812. These cases were decided prior to the decision of the Supreme Court in the Engel case. Since the Engel case the District Court of Washington, in Mikkelson v. Pacific S. S. Co., 46 F.2d 124, on the basis of the Engel opinion remanded a case under the Jones Act which had been brought to that court on removal. The District Court for Maryland, in Anderson v. American & Cuban S. S. Co., 41 F.2d 950, ruled to the same effect on the basis of the same authority, and the District Court for the Southern District of New York, in Goetz v. Interlake S. S. Co., 47 F.2d 753, did likewise.

We are not impressed with defendant's argument based upon denial of constitutional rights. Congress can control the jurisdiction of federal courts. This is exactly what Congress has done in the passage of many Acts. The right to remove is a constitutional right only in so far as Congress is authorized to give the right by statute. As Congress can give it, so it can take it away or restrict it. No constitutional rights of defendant have been imposed upon. The law operates uniformly as to all litigants in the same position.

Order

Motion of the plaintiff that this cause be remanded to the Circuit Court of the City of St. Louis, Missouri, is sustained for the reason that this court is without jurisdiction and it is ordered that said cause be certified to the Circuit Court of the City of St. Louis on this order, together with motions filed in this court and which were not ruled because of lack of jurisdiction in this court.