Muriel J. McKEE, Administrator of the Estate of Paul D. McKee, Deceased, Plaintiff,

v.

MERRITT–CHAPMAN & SCOTT CORP., a corporation, Defendant.

No. 56C1197.

United States District Court
N. D. Illinois, E. D.

Sept. 19, 1956.

Augustine J. Bowe, Leon M. Despres, of Bowe & Bowe, Chicago, Ill., for plaintiff.

Edward B. Hayes, Lord, Bissell & Brook, Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This complaint, which was originally filed in the Circuit Court of Cook County, seeks to recover under the Jones Act, 46

U.S.C.A. § 688 for the death of plaintiff's intestate. Deceased was an employee of defendant, and was killed when a barge owned by defendant, on which he was working as a seaman, sank in Lake Michigan. Defendant, a Delaware corporation, removed the case to this court on the grounds of diversity of citizenship. Plaintiff now moves to remand the cause to the Circuit Court of Cook County, and defendant resists the motion.

The issue between the parties revolves around several sections of the United States Code. Title 28, Section 1445(a) flatly prohibits the removal to a United States District Court of actions against railroads under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Title 46, Section 688 in turn provides that in any action to recover for the death of a seaman "all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable."

The question here is whether the statutory prohibition against the removal of suits by railroad employees is one conferring or regulating a right of action and so applicable to a suit by a seaman under the Jones Act. That it does so apply, and that Jones Act cases may not be removed to the United States District Court, has been held many times. Pate v. Standard Dredging Corp., 5 Cir., 1952, 193 F.2d 498, and cases there cited; Nickerson v. Am. Dredging Co., D.C.N.Y. 1955, 129 F.Supp. 602, and cases there cited; Rodich v. American Barge Lines, D.C.E.D.Mo.E.D.1947, 71 F.Supp. 549; see also "Analysis of the Jones Act", 46 U.S.C.A. preceding section 688, at page 261.

The cited cases also discuss, see particularly Rodich, supra, the constitutional objections raised by the defendant here. While the Supreme Court has not specifically ruled on this question, and though these authorities are not binding on me, I agree with their reasoning and conclusions.

The motion to remand will accordingly be allowed.