Commonwealth ex rel. Keiffer, Appellant, *v.* Ceraul.

512

Submitted October 5, 1956.  Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Gus Milides,* for appellant.

*Bernard V. O'Hare,* Assistant District Attorney, and *Clinton Budd Palmer,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., December 28, 1956:

William F. Keiffer is serving a sentence of two years in jail imposed by an alderman of Bethlehem, Northampton County, on a plea of guilty to a charge of assault and battery. After being committed to jail, Keiffer filed a writ of habeas corpus, claiming that the alderman had no authority to sentence him, and that he was therefore being illegally detained. The Court of Common Pleas dismissed the writ, holding

that the Act of May 1, 1861, P.L. 682, a local act extended to Northampton County by the Act of March 30, 1864, P.L. 134, gave the alderman, whose powers are the same as a justice of the peace, authority to impose the sentence. Keiffer appealed to this Court.

The Act of 1861, supra, provides inter alia as follows:

"Section 1. That the several justices of the peace of the counties of Erie and Union be and are hereby authorized to hold monthly courts, with jurisdiction to hear and determine, in the manner hereinafter provided, the several offenses and misdemeanors in the 30th, 31st, 44th, 46th, 69th, 72d, 97th, 103d, 112th, 140th, 148th and 152d sections of the act of the 31st day of March, 1860, entitled 'An act to consolidate, revise and amend the penal laws of this commonwealth.'" (42 PS §392)

"Section 2. Whenever any person shall be brought before a justice, on a warrant issued by said justice, founded on the oath or information of the party aggrieved, or of some one acting for the party aggrieved, the complaint or information shall be fully read aloud in the hearing of the defendant or party accused; and if the defendant shall plead guilty to the charge against him, the justice shall proceed to inquire into the circumstances of the case, so far as he shall think best for a proper understanding of the defendant's guilt, and shall proceed to pass sentence upon the defendant; which sentence shall have the full force and effect of a sentence pronounced by the court of quarter sessions in like cases, and the defendant shall be committed to the jail of the county until the sentence be complied with." (42 PS §724).

The offenses to which this Act referred had even less in common than the counties to which it related.

The twelve offenses chosen from nearly 200 named or defined in the Act of March 31, 1860, P. L. 382, include a felony, misdemeanors, and offenses dealt with by summary proceedings; some were common law offenses and some were not; some were fully defined in the Act, some partially defined, and some depended solely upon the common law for definition; the offenses were taken from the categories of offenses against public morals and decency, against public policy, against the persons of individuals, against personal property and against real property (See "General Summary" or table of contents of the Act); the maximum penalties ranged from three months in jail to three years in the penitentiary.

Why the particular offenses were chosen for special treatment in special counties defies all reason, but chosen they were, and the right to choose rested in the legislature. *Lavery v. Com.*, 101 Pa. 560 (1882). Furthermore, the act first confined to Erie and Union Counties, was extended not only to Northampton County, but also to at least twenty-one other counties (see Historical Note, 42 PS §392) before the Constitution of 1874 called a halt to local acts of this type.

The Act of 1860, although frequently amended, continued in effect until it was specifically repealed by section 1201 of The Penal Code of June 24, 1939, P.L. 872, 18 PS §5201, which was an act "To consolidate, amend and revise the penal laws of the Commonwealth". 18 PS §4101.

All of the sections of the Act of 1860, mentioned in the Act of 1861 have now been repealed. Tracing these particular sections of the Act of 1860 into the Act of 1939 is not difficult in most instances, although there is nothing in the statutory law, except a comparison of language, that makes it possible. In tracing the sec-

tions a researcher must rely primarily upon the source notes of the committee which drafted The Penal Code of 1939, and the digests of Pennsylvania statutes.

In all instances the penalties for the offenses traced from the Act of 1860 to The Penal Code of 1939 have been changed—some increased—some reduced. Except for minor changes in form, certain sections in The Penal Code of 1939 are identical to those contained in the Act of 1860, others differ slightly, and still others differ substantially. A few offenses must be traced from the Act of 1860 through intervening statutes to the Act of 1939. In at least one instance it is difficult to determine whether or not a certain section in The Penal Code can be traced back to a specific section of the Act of 1860. Some sections of the Act of 1939 which can be traced in part to the Act of 1860 are compilations of the provisions of a number of acts.

When the legislature repealed the Act of 1860 did it intend that the Act of 1861 should apply to those provisions of subsequent criminal statutes which can be traced to the twelve aforesaid sections of the Act of 1860?

Before attempting to answer this question it should be noted that the Act of 1861 is in derogation of common law, and also that when considered with the Act of 1860, or the Act of 1939, it is a penal provision,[1] and for these reasons must be strictly construed in favor of the prisoner. Section 58(1) and (8) of the Statutory Construction Act of May 28, 1937, P.L. 1019, 46 PS §558.

Furthermore, it should be noted that the Act of 1861 and its application to new statutes runs counter to present day public policy. It was a local law, of the type now prohibited by article 3, section 7 of our Constitution; it was legislation by reference, a method,

---

[1] See *Com. v. Nelson*, 79 D. & C. 63, 71 (1951).

at least in some particulars frowned upon by article 3, section 6 of our Constitution; it permitted a court not of record to sentence to imprisonment up to three years while recent statutes generally limit the power of a justice of the peace to impose a prison sentence to cases of nonpayment of a fine or a penalty. None of these factors makes the Act of 1861 unconstitutional, but they are matters which may be considered in determining whether the legislature intended to make the Act of 1861 applicable to the Act of 1939 when it repealed the Act of 1860. *Brock's Assigned Estate (No. 3)*, 312 Pa. 92, 99, 100, 166 A. 785 (1933).

In the case before us the prisoner was charged with violating section 708 of The Penal Code of 1939, supra, 18 PS §4708, which provides: "Whoever commits an assault and battery, or an assault, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1000), or undergo imprisonment not exceeding two (2) years, or both."

Section 97 of the Act of 1860, supra, provided: "Any person who shall be convicted of an assault and battery, or of an assault, shall be sentenced to pay a fine not exceeding one thousand dollars, and undergo an imprisonment not exceeding one year, or both, or either, at the discretion of the court."

The appellant contends that even if the alderman did have jurisdiction to sentence him, the maximum penalty that could be imposed was one year as provided in the Act of 1860 and not two years as provided in the Act of 1939.

Under the decisions of the Supreme Court of Pennsylvania and the Supreme Court of the United States, if a statute specifically adopts a particular provision of a former statute by reference to it, as did the Act of 1861 by referring to the specific sections of the Act

of 1860, such adopting statute takes the specific sections at the time of adoption, and does not include subsequent additions or modifications of the prior statute. *Guenthoer's Estate*, 235 Pa. 67, 73, 83 A. 617 (1912); *Hassett v. Welch*, 303 U.S. 303, 314, 58 S. Ct. 559, 82 L. Ed. 858 (1938); *In re Heath*, 144 U.S. 92, 12 S. Ct. 615, 36 L. Ed. 358 (1892).

Applying this rule to the Act of 1861 would lead to absurd and unreasonable results. One such result is obvious from this case. The maximum penalty which could be imposed for an offense would depend upon the court in which sentence was imposed.

When considering the intent of the legislature in repealing the Act of 1860, we cannot limit our consideration to the particular section before us, but must consider the effect of the repeal on all of the sections enumerated in the Act of 1861.

More difficult questions would arise in applying the above rule to the 9 or 10 sections of the Act of 1860 which, unlike the one before us, define the offenses rather than merely name crimes defined by common law. In many instances the definitions of these offenses found in the Act of 1860 and those found in the Act of 1939 differ materially. Under some sets of facts a person would be guilty of an offense under the Act of 1939, but would not be guilty under the corresponding section in the Act of 1860. To what would the jurisdiction of the justice of the peace extend under such circumstances? Would he have jurisdiction only if the conduct of the defendant was a crime under the Act of 1860, or is his jurisdiction somehow extended to include the crime defined in the corresponding section of the Act of 1939? Would it be necessary for a justice of the peace to apply the facts of the case first to the Act of 1939 to determine whether a crime was committed, and then to the Act of 1860 to determine wheth-

er he had jurisdiction? Such a practice would, of course, be absurd, and the legislature is presumed not to intend such results. Statutory Construction Act of May 28, 1937, P. L. 1019, §52, 46 PS §552(1).

Furthermore, if the sections of the Act of 1860 mentioned in the Act of 1861 must be traced into the Act of 1939 after the Act of 1860 is repealed, there is, of course, no reason why these twelve sections must not be traced indefinitely through any number of subsequent acts, with ever mounting difficulty and confusion.

Even though the Act of 1939 may provide for punishment of offenses similar to those punishable under the Act of 1860, and in some instances identical offenses, nevertheless the sections of the Act of 1860 referred to in the Act of 1861 have been repealed. Considering the strict construction that should be applied in this case, we think that when the legislature passed The Penal Code of 1939 and repealed the Act of 1860 it did not intend that the justices of the peace should have jurisdiction to sentence for violations of the provisions of The Penal Code of 1939.

We recognize that four lower court judges, whose ability commands our greatest admiration and respect, have come to an opposite conclusion. See *Com. v. Johns,* 64 D. & C. 35 (1948); *Com. v. Dydek,* 65 D. & C. 417 (1948); *Com. v. Nelson,* 79 D. & C. 65 (1951) and the opinion of Judge Woodring in this case. Nevertheless, after careful examination of the question, we feel that the doubts expressed by one of the other judges,[2] must be resolved in favor of the offender and prisoner.

Judgment reversed and the prisoner discharged.

---

[2] Judge LAUB of Erie County said in the *Nelson* case, supra, p. 69 where the Commonwealth contended that the Act of 1861 was repealed by the Act of 1939, "Appealing though it may be, we are not willing at this time to succumb to the Commonwealth's almost persuasive argument."