Commonwealth *v.* McCray, Appellant.

Argued March 20, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Victor S. Jaczun,* Assistant Defender, with him *Leonard Packel,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Homer Cook Grasberger,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 16, 1967:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
I respectfully dissent.

Appellant McCray was tried by the court below, sitting without a jury, on six bills of indictment charging criminal false pretenses. He was convicted and sentenced to from two to five years on each bill, the sentences to run consecutively.

In July, 1965, the appellant represented himself to certain individuals as an officer of the Philadelphia Anti-Poverty Action Committee. He stated that he was authorized to hire workers, who would be paid by the Committee for their services. As a result of these representations, which are concededly false, he induced six persons to do substantial work for which they were never paid.

In my view, although the appellant may be civilly liable, he could not properly be convicted of Cheating

70

by False Pretenses under our statute. The Act of June 24, 1939, as amended May 21, 1943, P. L. 306, §1, 18 P.S. §4836, provides: "Whoever, by any false pretense, obtains the signature of any person to any written instrument, or obtains from any other person *any chattel, money, or valuable security,* with intent to cheat and defraud any person of the same . . . is guilty of a felony. . . ." (emphasis supplied). The statute clearly refers to items of a physical nature, as well as money, commercial paper, and the like. Equally clearly, services are not within its compass.

The Commonwealth relies on a number of cases which employ the term "something of value" as modifying the statutory language. See, e.g., *Commonwealth v. Matthews,* 196 Pa. Superior Ct. 60, 173 A. 2d 772 (1961); *Commonwealth v. Stone,* 187 Pa. Superior Ct. 236, 144 A. 2d 610 (1958); *Commonwealth v. Thomas,* 166 Pa. Superior Ct. 214, 70 A. 2d 458 (1950). However, in each of these cases, the defendant fraudulently obtained money, a chattel, or a valuable security.[1] The Court's shorthand notation, "something of value," need not be read, therefore, as a judicial gloss on the explicit language of the statute. *State v. Ball,* 114 Miss. 505, 75 So. 373 (1917), holding that a physician's services may be the subject of cheating by false pretenses, is also readily distinguishable. Mississippi's statute is much broader than ours, referring to ". . . any money, personal property, *or valuable thing.* . . ." Id. at 508 (emphasis supplied).

No prior Pennsylvania decision has construed the False Pretenses statute so as to render criminal the transactions of which this defendant stands accused.

---

[1] The Court, in *Stone,* did indicate that the extension of time for repayment of a loan would be a "thing of value" within the statute. But that was dictum only. The Court concluded that the indictment referred to an earlier transaction, in which the defendant fraudulently obtained $39,450.

In view of the sound rule of policy that penal statutes should be strictly construed, *Commonwealth ex rel. Keiffer v. Ceraul,* 182 Pa. Superior Ct. 511, 128 A. 2d 187 (1956), I do not think this conviction can stand.

I would reverse.

SPAULDING, J., joins in this dissenting opinion.