209 So.2d 189 (1968)
William Claude YOUNG
v.
STATE of Mississippi.
No. 44668.
Supreme Court of Mississippi.
April 8, 1968.
Swep S. Taylor, Jr., Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Laurence Y. Mellen, Special Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
William Claude Young, appellant, was convicted in the Circuit Court of Copiah County of obtaining money and property under false pretenses, and was sentenced to serve three years in the state penitentiary. Miss.Code 1942 Ann. § 2149 (1956).
The evidence was ample to sustain the conviction. Young sold a 1966 automobile to Johnson with a bill of sale, and received from him $1,000 in cash and a motor valued at $500. The jury was warranted in finding that Young falsely pretended and represented that the automobile belonged to him, when in fact it did not, and that he obtained the money and property from Johnson by color of such false pretenses.
Appellant asserts that the indictment was defective, because it did not allege the name of the owner of the automobile. (The testimony reflected that it belonged to a motor company in Louisiana, and had been stolen from their lot.) The gravamen of the offense of false pretenses is a false representation of a past or existing fact, made by accused with knowledge of its falsity and with intent to deceive, a reliance thereon, and the obtaining of something of value thereby without compensation. 35 C.J.S. False Pretenses § 6 (1960). Ordinarily, an indictment for obtaining property by false pretenses must *190 allege to whom the property obtained belonged. 35 C.J.S. False Pretenses § 44(b) (1960). However, the present case is the converse of that situation. The ownership of the automobile is immaterial. Appellant obtained money and the motor from Johnson by representing that he owned the automobile. It did not belong to appellant, and with knowledge of that fact, he obtained the money and property from the prosecuting witness by falsely representing that he owned it. See State v. Ball, 114 Miss. 505, 75 So. 373, L.R.A. 1917 E, 1046 (1917). For these reasons, the indictment was not defective and the circuit court correctly overruled the demurrer to it.
Affirmed.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.