RODGERS, Presiding Justice.
The appellant Paul Sisk was tried under an indictment in the Circuit Court of Mon *486 roe County, Mississippi, charging him with embezzlement of tractor parts in violation of Section 2123, Mississippi Code 1942 Annotated (1956). He was convicted and sentenced to serve a term of five (5) years in the state penitentiary. He has appealed to this Court and contends here, among other things, that his demurrer to the indictment filed in the trial court should have been sustained.
The demurrer sets forth four grounds for demurrer; (1) that said indictment charges no crime known to the law; (2) that said indictment does not allege the ownership of the property alleged to have been embezzled; (3) that the indictment is vague and indefinite and does not sufficiently describe the property alleged to have been embezzled; and (4) that the indictment does not allege the value of the property alleged to have been embezzled nor that said property had any value.
The indictment is in the following words:
“ . . . That Paul Sisk in said County and State on the 11th day of March, A. D., 1971 then and there being a duly elected qualified and acting member of the Board of Supervisors of Monroe County, Mississippi, did wilfully, unlawfully and feloniously commit a fraud and embezzlement on Monroe County, Mississippi, by using his office as a member of said Board of Supervisors to obtain the approval and allowance of claims for the payment of $2,714.67, good and lawful money of the United States, for the parts to a 112 Caterpillar Motor Grader, Serial No. 2M-148 owned by the said Paul Sisk personally, and did, wilfully, unlawfully, feloniously and fraudulently convert and embezzle said parts to his own use with the felonious and fraudulent intent to defraud Monroe County, Mississippi in violation of Section 2123 of Mississippi Code of 1942 contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.”
At the outset, it is apparent that the language of the indictment is confusing. Aside from the fact that the charge in the indictment is indefinite, the demurrer should have been sustained for two reasons.
First — the ownership of the property is not shown in the indictment, and we have held this to be a fatal defect. Meyer(s) v. State, 193 So.2d 728 (Miss. 1967); Voss v. State, 208 Miss. 303, 44 So.2d 402 (1950); Hampton v. State, 99 Miss. 176, 54 So. 722 (1911). This requirement is essential because one cannot embezzle one’s own property; thus, there is no embezzlement charged until it appears that the property taken belongs to another. 42 C. J.S. Indictments and Informations § 143c, p. 1054 (1944).
The State contends, however, that the failure to state the ownership of the property alleged to have been embezzled was not fatal because we said in the case of Westmoreland v. State, 246 So.2d 487 (Miss.1971) that it is not necessary to state ownership of property in an indictment charging false pretense. Some of the judges disagreed with the holding of the Court in that case.
In any event, Westmoreland, supra, is not authority here because in that case the indictment did in general terms indicate the ownership of the property. We said:
“We think the better reasoned view is that the allegations of an indictment for false pretenses, with respect to ownership of the money or property fraudulently obtained, may be sufficient without the use of direct words, where such ownership appears from a reasonable construction of the indictment as a whole.” 246 So.2d at 491.
*487 Moreover, there are occasions when an indictment charging the defendant with obtaining money and property under false pretenses need not allege the ownership of the property, when “the ownership of the automobile is immaterial.” See: Young v. State, 209 So.2d 189, 190 (Miss.1968). In that case, however, we also said: “ . . . Ordinarily, an indictment for obtaining property by false pretenses must allege to whom the property obtained belonged. ...” 209 So.2d at 189-190. The indictments in the Westmoreland and Young cases, supra, appear to have charged the ownership of the property obtained by false pretenses in a general overall manner. The indictment in the instant case, however, does not allege who owns the property, nor can the ownership be determined by a general overall examination of the indictment as a whole.
In the second place, if it is intended by the indictment to charge the defendant with the embezzlement of certain Caterpillar motor grader parts, it is necessary to describe the property in language sufficiently definite so as to identify the property said to have been embezzled. The indictment should describe the property with the same particularity as is required in an indictment for larceny. See: Rutherford v. State, 196 Miss. 321, 17 So.2d 803 (1944); 29A C.J.S. Embezzlement § 29, p. 67 (1965).
Moreover, if it is intended to charge embezzlement of tractor parts, the value of the various parts must be alleged so as to show whether or not the charge is a felony or a misdemeanor. See: Section 2538, Mississippi Code 1942 Annotated (Supp. 1971).
Since this case must be reversed and in order to prevent the likelihood of errors being repeated, we point out that the State’s Instruction No. 3 in the following language is erroneous.
“The Court instructs the jury for the State that if you believe from the evidence beyond a reasonable doubt that Paul Sisk, while a duly elected and acting member of the Board of Supervisors of Monroe County, Mississippi, did cause to be approved and paid by Monroe County, Mississippi $2,714.67 or any sum exceeding $100.00 involving parts agreed upon by the jury, said parts being to a 112 Caterpillar Motorgrader, serial number 2M-148, the personal property of the defendant, said parts being converted to his personal use, thereby wilfully defrauding or attempting to defraud Monroe County, then you should find the defendant guilty of embezzlement and the form of your verdict may be: ‘We, the jury, find the defendant guilty as charged.’ ”
The instruction should have required the jury to believe the defendant guilty beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis, since the State’s case is based on circumstantial evidence. See: Barrett v. State, 253 So.2d 806 (Miss.1971). It should have required the jury to have believed that the defendant “did knowingly, wilfully and intentionally cause to be approved, etc.”
It was error to charge the jury that the defendant “thereby wilfully defrauded or attempted to defraud” because the charge in the indictment is a completed act and not an attempt to defraud.
The argument of the appellant that the instruction should have required the jury to agree upon the individual parts alleged to have been embezzled and their value is not well taken because the instruction given by the court requires that the jury agree upon the parts embezzled. If the defendant desired a more detailed instruction as to individual parts he could have obtained such an instruction.
We are also of the opinion that the original “parts books” used by the witness R. V. Hathcock, or photographs of the *488 pages and places found in these books, or copies of such parts from films used by the witness in his testimony to identify the alleged parts charged to have been embezzled should be furnished to the defendant by the state prior to the trial, upon proper motion, in the event the appellant is re-indicted. See: Spears v. State, 241 So.2d 148 (Miss.1970). See also: Armstrong v. State, 214 So.2d 589 (Miss.1968).
The judgment of the trial court is hereby reversed, the demurrer to the indictment sustained, the indictment quashed, and the appellant granted a new trial. The appellant will be released under a bond to be fixed and approved by the Sheriff of Monroe County to await the action of the Grand Jury at the next term of the Circuit Court of Monroe County, Mississippi. Sections 1672 and 2433, Mississippi Code 1942 Annotated (1956).
Reversed and remanded.
JONES, PATTERSON, ROBERTSON and SUGG, JJ., concur.