KITCHENS, Justice,
Specially Concurring:
¶ 28. I agree with the majority that Patton’s conviction should be reversed based on the trial judge’s failure to ensure that Patton knowingly and intelligently waived his right to counsel. Although that issue is dispositive, I write separately to discuss the woefully inadequate indictment.
¶ 29. Our state and federal constitutions guarantee criminal defendants the specific right “to be informed of the nature and cause of the accusation.” U.S. Const. amend. VI; Miss. Const, art. 3, § 26. An indictment also must contain “sufficient facts to enable [the defendant] to plead double jeopardy in the event of a future prosecution for the same offense.” Berry v. State, 996 So.2d 782, 786 (Miss.2008) (quoting Gilmer v. State, 955 So.2d 829, 836-37 (Miss.2007)). See U.S. Const. amend. V (“nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb”); Miss. Const, art. 3, § 22 (“[n]o person’s life or liberty shall be twice placed in jeopardy for the same offense”). To safeguard these constitutional rights, this Court has declared that “[t]he indictment upon which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him.” Nguyen v. State, 761 So.2d 873, 874 (Miss.2000). See also URCCC 7.06 (using identical language).
¶ 30. The crime of false pretense is codified at Mississippi Code Section 97-19-39. The statute provides for a misdemeanor and a felony. Miss.Code Ann. § 97-19-39 (Rev.2006). Liability for the felony depends upon whether the value of the thing(s) obtained by false pretense is more than five hundred dollars. Miss. Code Ann. § 97-19-39(2) (Rev.2006). Patton was convicted of the felony under Section 97-19-39(2), which provides:
*573 Every person, who with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, with a value of Five Hundred Dollars ($500.00) or more, upon conviction thereof shall be guilty of a felony and punished by imprisonment in the State Penitentiary not exceeding ten (10) years, and by a fine not exceeding Ten Thousand Dollars ($10,000.00).
Miss.Code Ann. § 97-19-39(2) (Rev. 2006).[20]
¶ 31. The indictment charged Patton with the following:
[O]n or about the 22nd day of July, A.D., 2005[,] EDGAR PATTON did intentionally, willfully, designedly with intent to cheat and defraud Priscilla Watts New-som and Isadore Newsom by selling to Priscilla Watts Newsom and Isadore Newsom a 1981 Crimson 14 x 65 trailer bearing serial number ALW12614777 that the defendant did not own and the defendant Edgar Patton did obtain money on the said trailer, contrary to and in violation of Section 97-19-39 of the Mississippi Code of 1972, as amended, against the peace and dignity of the State of Mississippi.
¶ 32. Patton argues on appeal that the indictment was defective because it failed to notify him whether the crime charged was a felony or a misdemeanor. The State argues that the indictment is saved by its citation to the false pretense statute, but the citation does not specify the subsection pertaining to felonies. Yet, even if the prosecutor had included the proper subsection in the charging document, this would not have saved the indictment; statutory citations constitute mere surplusage and will not cure a fatally defective indictment. Cowan v. State, 399 So.2d 1346, 1351 (Miss.1981).
¶ 33. Clearly, the indictment is defective for failing to notify Patton that he was charged with a felony. The indictment neither uses the essential adverb felo-niously nor does it allege that the value of the property involved was $500 or more. This Court has held that the value of a stolen item is an essential element of grand larceny, and the State’s failure to prove the value warranted resentencing for petit larceny. Henley v. State, 729 So.2d 232, 238 (Miss.1998). Although Patton’s case involves false pretense and not grand larceny, there is no meaningful distinction for purposes of this analysis. Because the false pretense statute provides different levels of punishment depending on the value of the property obtained by means of the false representation, value is an essential element of the crime of felonious false pretense. Numerous Mississippi cases have held that the failure to include an essential element of the crime in the indictment is a jurisdictional defect that cannot be cured with extrinsic proof. See Banana v. State, 635 So.2d 851, 853 (Miss.1994); Copeland v. State, 423 So.2d 1333, 1336 (Miss.1982) (citing Brewer v. State, 351 So.2d 535 (Miss.1977)). Thus, the indictment’s failure to charge an essential element of the crime, value, violates funda *574 mental federal and state constitutional rights and requires automatic reversal.
¶ 34. However, the indictment’s defects surpass the failure to charge the degree of the crime. “The gravamen of the offense of false pretenses is a false representation of a past or existing fact, made by [the] accused with knowledge of its falsity and with intent to deceive, a reliance thereon, and the obtaining of something of value thereby without compensation.” Young v. State, 209 So.2d 189, 189 (Miss.1968) (citing 35 C.J.S. False Pretenses § 6 (I960)). “Furthermore, the property or money obtained under false pretenses must have been ‘to the detriment or injury of the person from whom he obtains the same.’ ” Allred v. State, 605 So.2d 758, 761 (Miss.1992) (quoting Carter v. State, 386 So.2d 1102, 1105 (Miss.1980)). Thus, “[o]rdinarily, an indictment for obtaining property by false pretenses must allege to whom the property obtained belonged.” Young, 209 So.2d at 189-90 (citing 35 C.J.S. False Pretenses § 44b (I960)). The indictment in the instant case fails on almost all levels, for it does not allege that Patton made a representation that he knew to be false, that the Newsoms relied on this misrepresentation to their detriment, or that the money which Patton obtained belonged to the Newsoms.
¶ 35. Patton, acting pro se, filed a pretrial motion to have the indictment dismissed. The motion alleged that the indictment failed to inform Patton of the charge against him, but it did not expound on that assertion. Instead, Patton rambled irrelevantly about freedom of speech and the freedom to contract and whether the trailer was a “Crimson” or a “Red-man.” He never argued that the indictment failed to allege a felony, and the first time he raised this crucial issue was on appeal, and then only in his reply brief.
¶ 36. Patton clearly was not capable of providing himself effective representation. An indictment is a technical document of critical importance and must be very fact intensive to charge felony false pretense properly. In this case, a trained legal eye would have spotted the indictment’s numerous deficiencies and a competent criminal lawyer would have pled and argued a demurrer. That Patton did not have the benefit of competent counsel, who could have made and argued a proper challenge to the indictment, highlights the importance of the trial judge’s ensuring that Patton knowingly and intelligently waived his right to counsel. It is clear that Patton did not understand what was at stake or the high level of technical skill and knowledge essential for a proper defense. Equally clear is that the learned trial judge fell far short of adequately apprising him in these regards. Thus, it cannot be said that this defendant’s waiver of his right to counsel was knowingly and intelligently made. Perhaps on remand, with the defendant’s being represented by counsel, the indictment will be properly addressed.
¶ 37. Suffice to say that even a member of the Bar not well versed in criminal law and procedure would not be in a significantly better position than Patton was to defend himself or herself on such a charge in a competent manner. Under established Mississippi law and practice, a false pretense indictment is a more complex pleading than a non-capital murder indictment. A properly drafted false pretense indictment is replete with essential legalese, long required by this Court, that would be unfamiliar to most attorneys, even law professors, other than those with significant experience as prosecutors, criminal defense attorneys or judges in Mississippi’s criminal courts. Of course, the ability to identify and respond to a defective indictment, such as the one in *575 this case, is but one qualification necessary to the effective defense of a felony prosecution. The record provides no indication that Patton was qualified in any respect to defend himself, or that he even began to understand what would be involved in such an undertaking.
¶ 38. No matter what kind of criminal charge had been alleged against Patton, or any other person similarly situated in our court system, it would have been the duty of the trial judge to spend some time apprising the lawyerless litigant of the perilous path of pro se representation. At a minimum, the judge in this case should have questioned Patton, on the record, in accordance with the simple recipe provided in Rule 8.05. The judge had before him the indictment, which, as an experienced and learned jurist, he immediately would have recognized as being deficient. This alone should have heightened his concern that Patton understand the quite predictable folly of proceeding, in a case in which Mississippi has historically required the charge to be pled with a higher-than-usual level of technical specificity, without competent professional assistance. Yet, as aptly noted by the majority, the judge did not do even the minimum required by Rule 8.05. Moreover, as also observed by today’s opinion, Patton never clearly waived his right to counsel.
¶ 39. On remand, perhaps the State and the trial court will note that, if the present indictment is allowed to stand, and if Patton should be convicted under it again, our case law mandates that he be punished as if he were convicted of a misdemeanor. This Court has held that “if the indictment is ambiguous as to which statute applies, the defendant may only be punished under the statute with the lesser penalty.” Jenkins v. State, 888 So.2d 1171, 1174 (Miss.2004) (Weaver v. State, 497 So.2d 1089, 1092 (Miss.1986)). The indictment is ambiguous as to whether subsection (1) or subsection (2) of the false pretense statute applies. Accordingly, the trial court on remand must address whether Patton can be sentenced to any more than six months’ imprisonment in the county jail and to a fine no greater than $1,000. Miss Code Ann. § 97-19-39(1) (Rev.2006).
¶ 40. In sum, without competent legal assistance, Patton was ill-equipped to defend himself, and I agree with the majority that the case should be reversed based on the trial court’s failure to ensure that Patton knowingly and intelligently waived his right to counsel. However, the numerous defects in the indictment also require careful review and appropriate action by the State, the trial court, and Patton’s counsel.
DICKINSON, J., JOINS THIS OPINION. GRAVES, P.J., JOINS THIS OPINION IN PART.

. Before the 2003 amendment, Mississippi Code Section 97-19-39 did not explicitly distinguish between felony and misdemeanor false pretense offenses, although the statute did prescribe two sets of sentencing options, one of which, in practice, was applied to misdemeanors, and the other to felonies, depending on the way the offense was pled in the charging document. Even if a felony were pled, the trial court, quite properly, would sentence a convicted person as a mis-demeanant if the value proven did not meet the threshold prescribed for felonies. See Miss.Code Ann. § 99-19-17 (Repealed 2003).