## Voss *v.* State.

In Banc.   Feb. 13, 1950.

No. 37289  (44 So. (2d) 402)

304

**J. L. Thompson,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Hall, J.**

Appellant, a colored school teacher, was indicted on a charge that he embezzled the sum of $147 "belonging to the Trustees of Leona Colored School". The indictment did not give the name of any of the trustees. Appellant demurred thereto and as one ground of demurrer raised the question that the indictment fails in whole or in part to disclose the names of the trustees of said school. This demurrer was overruled by the trial court, and appellant was put to trial, convicted and sentenced to a term of four years in the state penitentiary. From that conviction he appeals and raises the point above mentioned.

The indictment does not charge that the names of the trustees of the school are unknown to the grand jurors. That fact makes the case clearly distinguishable from State v. Murphy, 124 Miss. 440, 86 So. 868, and other authorities of similar import.

In Hampton v. State, 99 Miss. 176, 183, 54 So. 722, 723, it is said: "There was no such offense at common law

as embezzlement; ■■ it is made such by statute; it is a statutory larceny. The rules of law in cases of larceny, with reference to alleging and proving the ownership of the property charged to have been stolen, apply with equal force to the crimes of embezzlement, false pretenses, and other kindred offenses.''

In the recent case of Wilson v. State, 204 Miss. 111, 115, 37 So. (2d) 19, 20, which involved a charge of forgery, this court said: ''The names of all of the members of this co-partnership were necessary to the charge in the indictment. Appellant calls to our attention 27 Am. Jur., Section 183, Indictment and Information. It seems to us this variance was prejudicial to appellant, as depriving her of the 'right to be protected against another prosecution for the same offense.' Section 178, 27 Am. Jur., Indictment and Information. Also, Berger v. United States, 295 U. S. 78-79, 55 S. Ct. 629, 79 L. Ed. 1314. This Court, in a false pretense case, declared that 'The indictment, however, failed to allege the names of the individual persons composing the partnership. The name of the party defrauded must be set out, as a means of identifying the offense charged; and this allegation is as essential in false pretenses as it is in larceny. McClain on Crim. Law, Vol. 1, Section 707. Where the persons defrauded compose a partnership, the indictment must allege both the Christian and surname of the individuals composing the same, or a proper excuse given for not so doing. 2 Bishop, Crim. Pr., Section 718.' State v. Tatum, 96 Miss. 430, 50 So. 490. The indictment at bar, therefore, was defective but amendable, but never amended as to this matter. We sustain this assignment of error, but remand the case for a new trial to be had after such amendment has been made.''

See also the annotation in 18 Ann. Cas. 1123.

■■ While there is a conflict in the rules followed by the different states, as illustrated by the annotation in 18 Ann. Cas. 343, this state seems definitely committed to follow that rule which is most favorable to the accused

as was done in the Wilson case. We are, therefore, of the opinion that the trial court erred in overruling the demurrer to the indictment, and its judgment is accordingly reversed and the cause remanded for a new trial upon an indictment charging the names of the trustees of the Leona Colored School.

Reversed and remanded.