786 So.2d 1069 (2001)
Antonio McCULLEN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00478-COA.
Court of Appeals of Mississippi.
May 15, 2001.
*1072 Antonio McCullen, Pro Se, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris Jr., Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and LEE, JJ.
LEE, J., for the Court:
¶ 1. McCullen pled guilty to one count of escape, one count of armed carjacking, and three counts of armed robbery. Subsequently, McCullen filed a petition for post-conviction collateral relief which was denied by the trial judge without a hearing. On appeal, McCullen has filed a pro se brief and asserts the following four issues for our review: (1) whether McCullen's plea of guilty was voluntarily and intelligently entered, (2) whether the bill of information denied McCullen due process, (3) whether the multi-count bill of information is in violation of Miss.Code Ann. § 99-7-2 (Rev.2000), and (4) whether McCullen was denied adequate assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and article 3 section 23 of the Mississippi Constitution. We find all of these issues are without merit.

FACTS
¶ 2. The record of the guilty plea hearing reveals that McCullen waived indictment, and pled guilty to numerous crimes stated in a bill of information. The bill of information and McCullen's hearing on the entry of his guilty pleas reveal that Count I charged McCullen with escape from the Yazoo County jail which occurred on August 12, 1997. Count II was titled "carjacking"; however, during the hearing of the entry of the guilty pleas the State clarified the charge as armed carjacking which occurred on July 12, 1997. McCullen's attorney also acknowledged that it was the charge of armed carjacking that he had discussed with McCullen. Counts III, IV, and V each charged McCullen with armed robbery which took place on July 13, 1997.
¶ 3. It was not disputed that on August 12, 1997, the day McCullen escaped from jail, he was being held there for the *1073 charges of armed carjacking and armed robbery listed in the bill of information as counts II through V. Additional facts will be addressed as needed in our discussion of the issues.

STANDARD OF REVIEW
¶ 4. Mississippi Code Annotated. § 99-39-11(2) (Rev.2000) addresses the judicial examination of the original post-conviction collateral relief motion and states:
If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
In Par Industries, Inc. v. Target Container Co., the applicable standard of review was stated:
"A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. Where the trial court failed to make any specific findings of fact, this Court will assume that the issue was decided consistent with the judgment and these findings will not be disturbed on appeal unless manifestly wrong or clearly erroneous. The reviewing court must examine the entire record and must accept, "that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact." That there may be other evidence to the contrary is irrelevant.
Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47 (¶ 4) (Miss.1998) (citations omitted).

Preliminary Matter
¶ 5. In the case at bar, McCullen waived indictment and pled guilty to the charges under a bill of information. The Mississippi Constitution Article 3, Section 27 addresses the waiver of an indictment:
Section 27. Proceeding by indictment or information.

No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of the court for misdemeanor in office or where a defendant represented by counsel by sworn statement waives indictment; but the legislature, in cases not punishable by death or by imprisonment in the penitentiary, may dispense with the inquest of the grand jury, and may authorize prosecutions before justice court judges, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law.
(emphasis added). Therefore, we find that the guilty pleas being entered pursuant to the charges in the bill of information were proper since McCullen waived indictment.

DISCUSSION

I. WHETHER MCCULLEN'S PLEA OF GUILTY WAS VOLUNTARILY AND INTELLIGENTLY ENTERED.
¶ 6. McCullen alleges that his guilty plea was not voluntarily and intelligently entered because his attorney had informed him that if he entered pleas of guilty he would receive less than a thirty-year sentence.
¶ 7. The question of whether a plea was voluntarily and knowingly made is a question of fact. McCullen bears the *1074 burden of proving by a preponderance of the evidence that he is entitled to relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). If the defendant is informed of the nature of the charge against him and the consequences of the entry of the plea, it is considered "voluntary and intelligent." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992); see also Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). The defendant must be instructed that a guilty plea waives his rights to a jury trial, to confront adverse witnesses, and to protection against self-incrimination. Alexander, 605 So.2d at 1172. Additionally, the Mississippi Supreme Court in Roland v. State, 666 So.2d 747, 751 (Miss.1995), relied on the holding in Alexander, 605 So.2d at 1172, for the premise that an evidentiary hearing regarding voluntariness to a guilty plea becomes necessary if the plea hearing fails to show that the petitioner was advised of the rights of which he allegedly asserts ignorance.
¶ 8. A review of the guilty plea hearing shows that the trial judge specifically informed McCullen of the maximum sentence for each charge. McCullen was informed that for the armed carjacking charge alone he could be sentenced to thirty years. Additionally, the charge of escape could bring forth a sentence of two years and each of the armed robbery charges could result in a term of years less than his life. The trial judge also notified McCullen that she was not bound to accept any recommendation regarding sentencing from either the State or his attorney. McCullen stated that he understood the charges and possible sentences. Additionally, McCullen confirmed that he had not been promised anything and that he was satisfied with the advice of counsel. Furthermore, McCullen signed a petition to enter pleas of guilty which stated that the maximum sentence that could be imposed was life. Since the transcript of the plea hearing and the petition to enter pleas of guilty informed McCullen of his rights and the charges and possible sentences to be imposed, the trial judge did not err in denying an evidentiary hearing and the subsequent denial of relief on the petition for post-conviction collateral relief on this basis. Therefore, this issue is without merit.

II. WHETHER THE BILL OF INFORMATION DENIED MCCULLEN DUE PROCESS.
¶ 9. McCullen argues that he was denied due process of the law because in the bill of information each count ended with the words "against the peace and dignity of the State." McCullen continues his argument and declares that Mississippi Rules of Circuit Court Practice Rule 7.06 states that these are to be the last words in an indictment. Therefore, McCullen is contending that while Count I may be proper, the charges placed after it are not to be considered.
¶ 10. The State counters this argument by first maintaining that McCullen is procedurally barred from asserting this position because he failed to raise the issue for a decision before the lower court, and it cites Miss.Code Ann. § 99-39-21(1) (Rev. 2000), and Smith v. State, 477 So.2d 191, 195 (Miss.1985), to support its position. Additionally, the State contends that even if McCullen's argument is not procedurally barred, it would still fail because the entry of his guilty pleas waived all technical and non-jurisdictional issues. Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990); see also Banana v. State, 635 So.2d 851, 853-54 (Miss.1994). Furthermore, the State distinguishes McNeal v. State, 658 So.2d 1345, 1349 (Miss.1995), which is cited by McCullen, by asserting that it only applies to indictments and not bills of information. *1075 Nonetheless, the State contends that even if the requirements for an indictment were applied to a bill of information, this Court has held that the use of the language "against the peace and dignity of the State" at the end of each count in an indictment does not violate an individual's constitutional rights. Evans v. State, 742 So.2d 1205, 1209 (Miss.Ct.App.1999). We will first address whether the issue is procedurally barred.
¶ 11. Mississippi Code Annotated § 99-39-21(1) (Rev.2000) states:
(1) Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws of the Constitution of the [S]tate of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
See also Smith v. State, 477 So.2d 191, 195 (Miss.1985) (unless it is a fundamental right, "Questions not alleged and raised at trial and/or on direct appeal are procedurally barred and may not be litigated collaterally in a post-conviction environment.") (citations omitted). A review of the record discloses that McCullen failed to raise this issue before the trial court. Additionally, on appeal he has not shown cause why he did not present this issue at the lower court and how it actually adversely affected the outcome of his ultimate sentence. Furthermore, we conclude that in this instance it does not violate a fundamental constitutional right. Therefore, as the State has concluded, we find this issue is procedurally barred. Notwithstanding this procedural bar, this Court will review the merits of this issue.
¶ 12. Initially we note, that McCullen waived indictment and accepted the bill of information as the charging instrument on the day he entered his guilty pleas. This being the case, the bill of information served as the functional equivalent of an indictment. As asserted by the State, McCullen's argument fails on the merits on two points. We hold that McCullen's guilty pleas waive all technical and non-jurisdictional issues in a bill of information just as it does for such defects in an indictment. See Banana v. State, 635 So.2d 851, 853-54 (Miss.1994). Second, in light of this Court's previous opinion in Evans v. State, 742 So.2d 1205, 1209 (Miss.Ct.App.1999), his claim must also fail.
¶ 13. In Evans we considered McNeal v. State, 658 So.2d 1345, 1349 (Miss.1995), and its conclusion that the absence of the phrase "against the peace and dignity of the State" after the habitual offender segment of an indictment prevented a court from sentencing the individual as a habitual offender. This Court determined that when the language "against the peace and dignity of the State" is used at the end of each count in an indictment, there is no constitutional violation. Evans v. State, 742 So.2d 1205, 1209 (Miss.Ct.App.1999). In the case at bar, although we are dealing with a bill of information, we are essentially presented with the same fact situation that occurred in Evans. In this situation, we decline to place any different requirement for a bill of information than that placed on an indictment. Accordingly, this issue is without merit.

III. WHETHER THE MULTI COUNT BILL OF INFORMATION IS IN VIOLATION OF MISS. CODE ANN. § 99-7-2.
¶ 14. McCullen contends that the multi-count bill of information violates *1076 Miss.Code Ann. § 99-7-2 (Rev.2000) because it joins five different counts that did not connect or follow a common scheme or plan; however, he excepts counts III, IV, and V which each charged armed robbery occurring on the same day. The State once again asserts that this issue is procedurally barred and waived by the entry of a valid guilty plea.
¶ 15. In McClurg v. State, this Court addressed the issue of a multi-count indictment and its compliance with Uniform Rules of Circuit and County Court Practice Rule 7.07. McClurg v. State, 758 So.2d 473, 479 (¶ 17) (Miss.Ct.App.2000). Relying on previous Mississippi Supreme Court cases, we stated:
Generally speaking, a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant. Outside the constitutional realm, the law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment. A plea of guilty does not waive (1) the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction. It is not necessary to address McClurg's argument on this issue because his guilty plea constituted a waiver of all non-jurisdictional defects, if any, contained in the indictments.
Id. (citations omitted); see also Bell v. State, 754 So.2d 492, 495-96 (Miss.Ct.App. 1999). In the case sub judice, McCullen waived indictment and entered a valid guilty plea. Once again, we refuse to place a higher burden on the drafter of the bill of information than that of an indictment. Therefore, McCullen waived any argument based on a non-jurisdictional defect, such as the misjoinder of the counts when he entered his pleas of guilty. This issue is without merit.

IV. WHETHER MCCULLEN WAS DENIED ADEQUATE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 3 § 23 OF THE MISSISSIPPI CONSTITUTION.
¶ 16. McCullen asserts that he received ineffective assistance of counsel when counsel failed to inform him that under Miss.Code Ann. § 97-9-49(2) the most he could receive for pleading to the charge of escape was six months, as opposed to the two-year sentence he received. Additionally, McCullen argues that his counsel was ineffective when he failed to contest the misjoinder of the counts contained within the bill of information. The State argues that McCullen has failed to show that his counsel's performance was faulty and can show no prejudice. Since this Court has addressed the issue of the possible misjoinder of counts in issue three, we will only look at McCullen's claim of ineffective assistance of counsel regarding his sentencing.
¶ 17. To prevail on the issue of whether his defense counsel's performance was ineffective requires a showing that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994). There is a strong but rebuttable presumption that counsel's conduct falls within a *1077 wide range of reasonable professional assistance. Id. at 456. Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. "The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances." Carney v. State, 525 So.2d 776, 780 (Miss.1988). McCullen must prove that it is reasonably probable that "but for" the errors committed by his counsel, the outcome of his trial would have been different. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992).
¶ 18. The State acknowledges that the incorrect statute was cited in the bill of information, and while it might have been best for his attorney to correct the reference to the incorrect statute, this inadvertence did not reach a level of prejudice against McCullen.
¶ 19. The sufficiency of an indictment is determined by Uniform Rules of Circuit and County Court Practice 7.06. Rule 7.06 enumerates several items that must be included in an indictment, and requires that the indictment state the essential facts constituting the offense charged and fully notify the defendant of the nature and cause of the accusation. See Peterson v. State, 671 So.2d 647, 654-55 (Miss.1996). "The right of the accused to be informed of the nature and cause of the accusation against him is essential to the preparation of his defense." Peterson, 671 So.2d at 655.
¶ 20. In the case at bar, McCullen does not present argument regarding the seven specific formal requisites enumerated in Uniform Rules of Circuit and County Court Practice Rule 7.06. Therefore, we focus our concern on whether the bill of information stated the essential facts of the charge of escape so as to allow McCullen notification of the accusation against him.
¶ 21. The bill of information states "Count IEscape" and reads:
Comes Now the District Attorney for the Twenty-First District of the State of Mississippi and charges that Antonio McCullen in the State and County aforesaid, and within the jurisdiction of this Court did on or about the 12th day of August, 1997, in Yazoo County, Mississippi, did wilfully, unlawfully, and feloniously, purposely and knowingly escape from the Yazoo County Jail by climbing over the exercise wall of the Yazoo County Jail, in violation of Section 97-9-49(2) of the Mississippi Code of 1972, as amended, and against the peace and dignity of the State of Mississippi.
(emphasis added). Mississippi Code Annotated § 97-9-49(1) (Rev.2000) is applicable to the facts stated in the bill of information and should have been placed in the bill of information instead of Miss.Code Ann. § 97-9-49(2) (Rev.2000). The relevant portions that constitute the charge of escape under Miss.Code Ann. § 97-9-49(1) (Rev.2000) reads: "Whoever escapes ... from any jail in which he is confined." In contrast, Miss.Code Ann § 97-9-49(2) (Rev.2000) which is stated in McCullen's bill of information applies to a trusty who has been given permission by an authorized person to leave the jail and then wilfully fails to return at the specified time, or after he has accomplished the task for which he was entrusted to leave. Therefore, we must compare the statutory language with that of the bill of information to determine if it gave McCullen sufficient notice of the charge of escape.
¶ 22. A reading of the italicized portion of the bill of information clearly establishes the essential elements of the crime of escape as stated in Miss.Code Ann. § 97-9-49(1) (Rev.2000). It states that *1078 McCullen escaped from the Yazoo County jail by way of climbing over the exercise wall. Not only does it provide the essential elements of the charge of escape as stated in Miss.Code Ann § 97-9-49(1) (Rev.2000), but it also negates the possibility that he was being charged for escape as a trusty. Nothing in the language of the indictment shows that he was climbing this wall with authority as a trusty and merely failed to return to the jail at the appropriate time. To the contrary, it is abundantly clear that Count I in the bill of information which charges escape does not follow the language of Miss.Code Ann. § 97-9-49(2) (Rev.2000). Consequently, we find that McCullen was given notification of the charge against him.
¶ 23. It is for the above stated reasons that we determine that even if McCullen's counsel had objected to the citation of the improper statute, the State would have been entitled to amend the bill of information and insert the correct statute section. The change would have been one of form and not substance. See Stradford v. State, 771 So.2d 390, 395-96 (¶ 16) (Miss.Ct.App.2000). We determine that the change is one of form by the following test:
Whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance.
Stradford, 771 So.2d at 396. (citations omitted). We determine that McCullen would not have been deprived a defense under the bill of information as it originally stood. Therefore, this Court agrees with the State's assertion that McCullen was not prejudiced by his attorney's failure to object to the incorrect statute being stated in the bill of information. Accordingly, this issue is without merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., CONCUR.