McMILLIN, C.J.,
FOR THE COURT:
¶ 1. Arthur Spearman has appealed pro se from a judgment denying his petition for post-conviction relief. Spearman originally pled guilty to one count of automobile burglary and one count of escape. He filed his petition in the circuit court within the time permitted by law and, in the petition, complained that (a) he received ineffective assistance of counsel, (b) the indictment to which he pled was defective in some unexplained way, and (c) that either the statutes defining the crimes for which he was charged or the statute under which he was sentenced was unconstitutional. The circuit court denied Spearman any relief without conducting a hearing on the allegations contained in the petition.
¶ 2. Dissatisfied with that result, Spearman has now appealed. In his brief to this Court, Spearman raises four issues: (a) ineffective assistance of counsel, (b) that he was coerced into entering a guilty plea to the two charges, (c) that the indictment was defective, and (d) that he was subjected to a vindictive prosecution. We conclude that the claim of coercion is, in fact, nothing more than one facet of Spear-man’s ineffective assistance of counsel claim. The claim of an unwarranted prosecution brought purely in a vindictive spirit by the prosecutor is plainly a new issue *825 that may not be raised for the first time on appeal. Wright v. White, 693 So.2d 898, 903(¶ 6) (Miss.1997) We, thus, find ourselves confined to consideration of the remaining three issues presented by Spear-man at the trial level and raised once again in this appeal.
¶ 3. The issue actually presented in this appeal involves the question of whether the trial court acted properly in dismissing Spearman’s motion without a hearing, thus denying him the opportunity to present proof of the facts charged in Ms motion.
¶ 4. It is the obligation of the movant, in bringing a proceeding under Mississippi’s Post-Conviction Collateral Relief Act, to set forth with some measure of particularity the alleged facts which, if proven to the satisfaction of the court, would demonstrate the movant’s entitlement to relief. Miss.Code Ann. § 99-39-9(1) (Rev.2000); Woodward v. State, 635 So.2d 805, 808 (Miss.1993); Foster v. State, 687 So.2d 1124, 1141 (Miss.1996). Not only must such facts be pled, the movant must additionally either (a) swear on his oath to the accuracy of those facts that are within his personal knowledge, or (b) satisfactorily demonstrate to the court, by supporting affidavit or other appropriate means, how the movant intends to prove those facts not personally known to him if given the opportumty. Miss.Code Ann. § 99-39-9(1)(d)-(e) (Rev.2000).
¶ 5. Section 99-39-11 permits the circuit court to dismiss the motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief_” Miss.Code Ann. § 99-39-11(2) (Rev.2000). That is what occurred in the case now before us, and our review of the record on appeal leaves us convinced that this ruling was not erroneous.
¶6. The only specific facts alleged in support of the conclusory allegations of Spearman’s motion are contained in a brief recital of his version of the events relating to the alleged crimes. He claims that he was walking in the area of a recent vehicle burglary when he was informed by an investigating officer that a witness had identified him as the person breaking into the vehicle. Though he was subsequently handcuffed and placed in the back of the officer’s squad car, Spearman demes that he was placed under arrest. As a result, he contends that he was free to depart the scene — which he did while the officer was not looking by rolling down the back window of the vehicle and fleeing the area on foot. Thus, he contends, there is no basis for either the burglary charge or the escape charge.
¶ 7. There is nothing in that recitation of alleged facts surrounding the crime itself that would either (a) demonstrate the ineffectiveness of defense counsel’s representation, (b) illuminate any alleged defect in the indictment, or (c) establish the unconstitutionality of the statutes under which Spearman was charged and sentenced. We observe from our review of the circuit court’s judgment dismissing Spearman’s post-conviction relief motion that it appears that Spearman, in fact, waived formal indictment and pled guilty to an information filed by the office of the district attorney. Such a practice is permitted in this State under provisions contained in our state constitution. Miss. Const. art. 3, § 27; see McCullen v. State, 786 So.2d 1069, 1073(¶5) (Miss.Ct.App.2001). Our independent review of the formal information charging Spearman did not reveal any fundamental defects on the face of that instrument that would warrant our attention as plain error.
*826 ¶ 8. Broad allegations of defects in the manner in which a criminal proceeding was handled, unsupported by any purported facts outlining with some reasonable measure of specificity the nature of the actual errors committed, are not sufficient to require the trial court to conduct a hearing on the motion.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.