GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. Michael Kelly appeals the Rankin County Circuit Court’s denial of his motion for post-conviction collateral relief. He argues that his motion raises the issue of subject-matter jurisdiction; thus, the motion should not have been denied as time-barred. We find no error and affirm the circuit court’s denial of post-conviction relief.
 

 FACTS
 

 ¶2. Kelly pleaded guilty to charges of motor-vehicle theft and house burglary, and he was sentenced to fifteen years in the custody of the Mississippi Department of Corrections with eight years suspended pursuant to five years of post-release supervision. The date that appears above the circuit judge’s signature on the judgment of conviction and sentence is May 10, 2004; however, the circuit court’s certified docket sheet shows that Kelly had entered his guilty plea and was sentenced on May 11, 2004. The judgment of conviction and sentence was stamped filed on May 21, 2004, and it was entered on the docket sheet on May 24, 2004.
 

 ¶ 3. The two bills of information charging Kelly were signed by the district attorney and entered on the docket on May 11, 2004. The docket sheet shows that there was a waiver of indictment and an order allowing the State to proceed by bill of information entered on May 11, 2004.
 
 [1]
 

 ¶ 4. On March 6, 2009, the suspension of Kelly’s sentence was revoked. Kelly filed a motion for post-conviction collateral relief on September 18, 2009. The circuit court denied Kelly’s motion as it was filed
 
 *402
 
 more than three years after Kelly had entered his guilty plea.
 

 STANDARD OF REVIEW
 

 ¶ 5. A circuit court’s denial of post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 ANALYSIS
 

 ¶ 6. Kelly argues that the circuit court lacked subject-matter jurisdiction to accept his guilty plea and impose his sentence because the sentencing order was signed by the circuit judge the day before the district attorney signed the bills of information. Specifically, Kelly claims that his motion cannot be time-barred because it questions the subject-matter jurisdiction of the circuit court in his criminal proceedings.
 

 ¶ 7. Kelly’s motion for post-conviction collateral relief was filed outside of the three-year statute of limitations provided in Mississippi Code Annotated section 99-39-5(2) (Rev.2007). He fails to assert that any statutory exception to the time bar is applicable to his claims. Therefore, in order to obtain our review of his appeal, he asserts a claim pertaining to the subject-matter jurisdiction of the circuit court. We find this claim has no merit; thus, the circuit court correctly denied Kelly’s motion as time-barred.
 

 ¶ 8. The record refutes Kelly’s claim that he was sentenced before the bills of information were entered. While it is true that the date above the circuit judge’s signature on the sentencing order is May 10, 2004, the docket sheet shows that Kelly, in fact, entered his petition to enter a guilty plea and was sentenced on May 11, 2004. The docket sheet also states that the following were filed on May 11: a waiver of indictment, an order allowing the State to proceed by bill of information, and the bills of information.
 

 ¶ 9. The docket sheet is clear that Kelly entered his guilty plea and received his sentence on the same day that the bills of information were filed by the district attorney. Accordingly, his claim that the circuit court lacked subject-matter jurisdiction to sentence him is without merit.
 

 ¶ 10. Kelly further asks that this Court review as plain error his claim that he was improperly charged by bills of information instead of an indictment. We find that this issue is time-barred and without merit. The docket sheet shows that Kelly entered a waiver of indictment, and the circuit court entered an order allowing the State to proceed by bill of information. The State was then free to charge Kelly by bill of information instead of an indictment.
 
 See McCullen v. State,
 
 786 So.2d 1069, 1073 (¶ 5) (Miss.Ct.App.2001).
 

 ¶ 11. Because Kelly fails to assert a valid exception to the time bar, his claims are procedurally barred. We affirm the circuit court’s denial of Kelly’s motion for post-conviction collateral relief.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . Neither of those documents are contained in the record before this Court.